UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Midwest Engineering Components, Inc., | Case No. 23-cv-0347 (WMW/TNL) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Bonfiglioli USA, Inc., | |
| Defendant. | |

---

This matter is before the Court on Defendant Bonfiglioli USA, Inc.'s ("Bonfiglioli") motion to dismiss for failure to state a claim, or in the alternative, to stay all proceedings pending the outcome of, or transfer to, the Eastern District of Kentucky in a related case. Plaintiff Midwest Engineering Components, Inc. ("MEC") opposes Bonfiglioli's motion. For the reasons addressed below, the Court grants Bonfiglioli's motion to stay.

## BACKGROUND

MEC is a sales agency based in Minnesota that markets and sells electrical and mechanical power transmission products for manufacturers and importers on a commission basis. Bonfiglioli, a Delaware corporation based in Hebron, Kentucky, operates as a wholly owned subsidiary or division of Bonfiglioli SPA, an Italian entity. Bonfiglioli designs, produces and distributes gearmotors, drive systems, planetary gearboxes and inverters for industrial automation, mobile machinery and renewable energy sectors.

In April 2020, MEC and Bonfiglioli entered into a Sales Representation Agreement ("SRA").   The SRA stipulates that the agreement is governed by the laws of the Commonwealth of Kentucky.

On October 6, 2022, Bonfiglioli provided MEC a 60-day notice of termination for the SRA.  Consequently, the SRA officially terminated on December 6, 2022.  MEC does not allege that it responded to Bonfiglioli's termination notice.  Nor does MEC allege that Bonfiglioli failed to pay all commissions due prior to the termination date.

On January 2, 2023, however, MEC sent Bonfiglioli a demand letter, notifying Bonfiglioli of MEC's belief that the SRA was unenforceable and claiming entitlement to additional compensation under the provisions of the SRA.  Specifically, MEC demanded immediate reinstatement as Bonfiglioli's sales representative, presumably for another one-year period.  Alternatively, MEC sought compensatory and consequential damages if reinstatement was not possible.

In accordance with the SRA, Bonfiglioli initiated a legal action against MEC on January 12, 2023, in Boone Circuit Court, located in Boone County, Kentucky ("Kentucky Action").  MEC removed the Kentucky action to the United States District Court for the Eastern District of Kentucky on January 27, 2023.  On January 23, 2023, MEC also initiated a lawsuit in Hennepin County District Court.  On February 10, 2023, Bonfiglioli removed MEC's Hennepin County District Court action to this Court.

In its April 28, 2023 Memorandum Opinion and Order, the Eastern District of Kentucky denied MEC's Motion to Dismiss and retained jurisdiction over Bonfiglioli's

claims.  Among these claims is Bonfiglioli's request for a declaratory judgment that Kentucky law governs the sales representative agreement between the parties.

## ANALYSIS

Bonfiglioli's motion requires this Court to consider the controlling legal standard for the issuance of a stay in the context of a matter that parallels other actively pending federal litigation.

This Court's power to stay proceedings is incidental to the Court's power to control the disposition of the cases on its docket with economy of time and effort for the Court, counsel, and the litigants.  *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013).  A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket.  *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006).  Factors relevant to the determination of whether a stay is warranted include, but are not limited to, the conservation of judicial resources, providing for the just determinations of cases before the court and the balance of hardships that a stay might cause for the parties.  *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956–57 (D. Minn. 2018).

Although a district court's discretion to stay proceedings is broad, it is the burden of the party requesting a stay to show that the circumstances justify an exercise of that discretion.  *Nken v. Holden*, 556 U.S. 418, 434 (2009).  Traditionally, this burden requires the party seeking a stay to demonstrate the specific hardship or inequity that would result if required to proceed.  *See Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring) (citing *Landis*, 299 U.S. at 254–56).  This burden includes a presumption favoring the party opposing a stay.  *See id.* at 1365.  Because a stay has the potential to

3

damage the opposing party, a district court should exercise its discretionary power to stay proceedings in moderation.  *See Landis*, 299 U.S. at 255.

In this matter, the decision whether to grant a stay and the application of the factors relevant to that decision, *see Tovar*, 342 F. Supp. 3d at 956-57, require consideration of the facts of the pending Kentucky Action.

The April 28, 2023 Memorandum Opinion and Order in the Kentucky Action denied MEC's Motion to Dismiss and retained jurisdiction over Bonfiglioli's claims, including the declaratory judgment claim asserting that Kentucky law governs the parties' sales representative agreement.  The first-filed rule grants priority to the court in which jurisdiction is initially established.  Application of the first-filed rule is not rigid or inflexible, it should be applied to serve the interests of justice.  According to the Eastern District of Kentucky Court's ruling, Bonfiglioli's status as the first filer, the inapplicability of the declaratory judgment and anti-injunction acts, and Kentucky's significant-relationship test favor the application of Kentucky law.  As the first court to obtain jurisdiction, the Eastern District of Kentucky appropriately determined the appropriate forum.  *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).

Factors relevant to this Court's determination of whether to grant the motion to stay include the conservation of judicial resources, providing for the just determinations of cases before the court and the balance of hardships that a stay might cause for the parties.  *See Tovar*, 342 F. Supp. 3d at 956–57.

The Court needs to ascertain whether granting a stay would be more effective in conserving judicial resources compared to not granting one. A district court may grant a stay when a case "raises issues that substantially duplicate those raised by a case pending in another [federal] court." *Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011). A stay is deemed appropriate for conserving judicial resources when the parties would otherwise invest time and effort in addressing claims that might subsequently become irrelevant. *Scheffler v. Equifax Info. Servs., LLC*, No. 15-cv-3340 (JRT/FLN), 2016 WL 424969, at *4 (D. Minn. Feb. 3, 2016).

The Eastern District of Kentucky is presently engaged with many of the same legal questions that are before this Court. If this Court proceeds to decide the merits of Bonfiglioli's motion, the Court will duplicate the Eastern District of Kentucky's efforts and the decision may create additional legal work to reconcile the cases. Issuance of a stay would conserve judicial resources by saving this Court from deciding the same issue that is before the Eastern District of Kentucky.

The issuance of a stay will conserve both judicial and litigant resources by preserving the issues in this matter until the status of the Kentucky Action requires this Court to address them. *See Scheffler*, 2016 WL 424969, at *4. As denial of Bonfiglioli's request for a stay would result in the simultaneous expenditure of judicial resources by this Court and the Eastern District of Kentucky to resolve related disputes for the same parties, duplicative efforts and wasted resources between this Court and the Eastern District of Kentucky would be unavoidable. *Tovar*, 342 F. Supp. 3d at 956–57.

The resolution of the Kentucky Action will affect the resolution of the matter before this Court. A stay offers the most efficient and resource-conscious means for this Court to avoid duplication of effort and to incorporate, where required, any relevant aspect of the decision in the Kentucky Action into this Court's decision. *See Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 966 (D. Minn. 1998) (granting stay pending bankruptcy decision that would determine identity of real party in interest); *see also Tovar*, 342 F. Supp. 3d at 957 (denying request for stay because the resolution of a pending appellate case would not affect the resolution of the district-court matter); *S. Glazer's Wine and Spirits, LLC v. Harrington*, No. 21-cv-1254 (JRT/JFD), 2021 WL 7286938, at *4 (D. Minn. Sep. 29, 2021) (denying stay because risk of duplicative efforts was speculative). The conservation-of-resources factor favors the issuance of a stay.

Although federal courts must exercise jurisdiction when proper, the opportunity to grant a stay exists to facilitate the existence of concurrent jurisdiction in parallel federal courts and to effectuate principles of efficient judicial administration. *Selph v. Nelson, Reabe and Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992) (reversing denial of stay by district court faced with a motion to dismiss or in the alternative stay, when parties were engaged in concurrent and related litigation in another federal district court). A stay implicates "fundamental constitutional rights governing access to and use of the judicial process." *Jones*, 72 F.2d at 1363 (Beam, J., concurring). A party denied a stay and "forced to engage in costly discovery and motion practice" experiences a hardship, as does a plaintiff whose day in court is delayed because of a stay. *See Kellogg v. Watts Guerra, LLP*, No. 18-1082 (DFW/BRT), 2018 WL 3432048, at *2 (D. Minn. Jul. 16, 2018).

A stay will allow the Court to avoid the risk of rendering an unfair decision in this matter in light of the concurrent federal jurisdiction that has been invoked. *See Selph*, 966 F.2d at 413. Because a stay may simplify disputed issues, clarify the law, and assist the Court in its decision on the merits, the just-determination factor favors the issuance of a stay. *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016). It is undisputed that a delay will occur if this Court stays the case until the Eastern District of Kentucky issues its judgment. This delay is necessary to a fair adjudication of the matter, however, in light of the procedural issues created by MEC's through its litigation in the Eastern District of Kentucky. *See Kellogg*, 2018 WL 3432048, at *2. There is no reason to assume that the Eastern District of Kentucky litigation will not be resolved in a timely manner and nothing in the record suggests that MEC will lose the ability to pursue its claims if required to wait. Consequently, any risk of harm to MEC is minimal at best. *Id.*

In summary, the record before the Court establishes that Bonfiglioli risks more hardship without a stay than MEC risks with a stay. The balance-of-hardships factor, therefore, weighs in favor of issuing a stay.

While the legal standard governing a district court's decision to grant or deny a stay does not expressly address issues such as comity, *see Tovar*, 342 F. Supp. 3d at 956–57, comity is sometimes considered. *See, e.g.*, *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). After careful thought, this Court concludes comity to be a relevant consideration to the decision in this matter. In some respects, the legal principles that support a stay overlap with the principles of comity, as demonstrated in doctrines such as the first-to-file rule. *See, e.g.*, *Nw Airlines, Inc. v. Am. Airlines, Inc.*, 989

F.2d 1002, 1004–05 (8th Cir. 1993); *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, No. 19-cv-1653 (PJS/DTS), 2020 WL 13002517, at *6 (D. Minn. Aug. 20, 2020); *Nat'l Football League Players Ass'n v. Nat'l Football League*, No. 15-CV-3168 (RHK/HB), 2015 WL 7596934, at *1 (D. Minn. Jul. 30, 2015) (discussing first-to-file rule, which "recognizes the comity between coequal federal courts and promotes the efficient use of judicial resources by authorizing" the issuance of a stay "in deference to an earlier case").

In this matter, the relationship between the Kentucky Action and the matter before this Court, creates a circumstance that benefits from one of the courts involved to defer to the other.  Even if the Eastern District of Kentucky had not resolved the first-to-file matter in favor of Bonfiglioli, which it has, this Court would undoubtedly reach the same conclusion.  Bonfiglioli's lawsuit was initiated first and, consequently, should proceed to judgment.  The principle of federal comity grants a court the discretion to decline jurisdiction over a case when a complaint involving the same parties and issues has already been filed in another district.  *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

In light of the advanced procedural status of the Kentucky Action, *see Orthmann*, 765 F.2d at 121, and the structural relationship of federal appellate and district courts, the issuance of a stay is a legally sound way for this Court to defer to the Eastern District of Kentucky's ongoing consideration of MEC and Bonfiglioli's dispute without abdicating this Court's responsibility to the parties.  Considerations of comity, therefore, indicate that a stay will allow the Eastern District of Kentucky to fulfill its function of reviewing the Kentucky Action for errors of law, while preserving this Court's capacity to assess

Bonfiglioli's motion based on its practical expertise, provided that this Court receives reliable and comprehensive information regarding the legal and factual circumstances surrounding the Kentucky Action. The Court, therefore, concludes that issuing a stay in this matter is appropriate.

Based on the foregoing analysis, the Court grants Bonfiglioli's motion to stay and denies Bonfiglioli's motion to dismiss without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.   Defendant Bonfiglioli USA, Inc.'s, motion to stay, (Dkt. 16), is **GRANTED**. This matter is **STAYED** pending the judgment in *Bonfiglioli USA, Inc. v. Midwest Engineered Components, Inc.*, No. 2:23-cv-014-DCR (E.D. Ky. 2023).

2.   Defendant Bonfiglioli USA, Inc.'s, motion to dismiss, (Dkt. 16), is **DENIED WITHOUT PREJUDICE**.

Dated: September 20, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge